## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 13-cv-01250-CMA-KMT

OLSSON ASSOCIATES, INC.,

      Plaintiff,

v.

LTF REAL ESTATE COMPANY, INC., and
FCA CONSTRUCTION COMPANY, LLC,

      Defendants.

---

## ORDER REMANDING CASE TO STATE COURT

---

This matter is before the Court on Plaintiff's Motion for Remand (Doc. # 14). For the reasons discussed below, the Court concludes that Defendants LTF Real Estate Company, Inc. ("LTF") and FCA Construction Company, LLC. ("FCA") have not established the Court's subject matter jurisdiction over this case. As such, the Court remands this case to the District Court, Arapahoe County, Colorado, for further proceedings.

## I. BACKGROUND

This is a breach of contract action stemming from construction of a fitness facility. (Doc. # 5 at 2.) On August 9, 2012, Plaintiff filed suit in Colorado state court against Defendants and then amended its complaint on May 6, 2013. (*Id.* at 1.) In its complaint, Plaintiff claims that it entered into two contacts with LTF to provide engineering services and alleged damages totaling $26,233 due to a breach of those contracts. (*Id.* at 3.) Plaintiff also entered into a contract with FCA and alleged

damages in the amount of $68,429 due to a breach of that contract.  (*Id.* at 4.)  Plaintiff

further alleged equitable claims for unjust enrichment and *quantum meruit.*  (*Id.* at 4-6.)

Defendant filed a Notice of Removal on May 10, 2013, alleging diversity jurisdiction

under 28 U.S.C. § 1332.  (Doc. # 1.)

## II.  LEGAL STANDARD

In every case and at every stage of a proceeding, a federal court must "satisfy

itself of its own jurisdiction."  *Citizens Concerned for Separation of Church & State v.*

*City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980).  A defendant may remove

a state civil action "to the district court of the United States for the district and division

embracing the place where such action is pending" when the federal district court has

original jurisdiction over the matter.  28 U.S.C. § 1441(a).  District courts have original

jurisdiction over "all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interests and costs, and is between . . . of different States

. . . ."  28 U.S.C. § 1332(a).

The party invoking federal jurisdiction bears the burden of proving that such

jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Thus, when

a defendant removes a case from state court asserting the existence of diversity

jurisdiction, the removing defendant must establish that the jurisdictional requirements

of 28 U.S.C. § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d

1284, 1290 (10th Cir. 2001).  A removing defendant must prove jurisdictional facts –

including that the amount in controversy exceeds $75,000 – by a "preponderance of the

evidence."  *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Although proof

that the amount in controversy requirement has been satisfied may arise in several

ways, *see, e.g.*, *id.* at 954, conclusory assertions or outright speculations do not suffice, *see Tafoya v. Am. Family Mut. Ins. Co.*, No. 08-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished).  Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand.  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  "Moreover, there is a presumption against removal jurisdiction."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

## III. <u>DISCUSSION</u>

"Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'"  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938).  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Laughlin*, 50 F.3d at 873.  When a plaintiff's alleged damages are not specified in the complaint, a removing defendant must establish by a preponderance of the evidence the jurisdictional amount.  *See Martin*, 251 F.3d at 1290.

In the Notice of Removal, Defendants assert that the amount in controversy exceeds $75,000.  (Doc. # 1, ¶1.)  In support of this assertion, Defendants state that while Plaintiff's original complaint alleged that the amount in controversy was $26,223, it amended the complaint to "assert an additional claim of $68,429, and to increase the amount in controversy to the sum of $94,652."  (*Id.*, ¶¶ 3, 4.)  However, Plaintiff does not seek damages totaling over $75,000 against any one defendant.  Instead, Plaintiff

3

seeks $26,223 under his first claim for relief against LTF, (Doc. # 5, ¶ 17), and $68,429

under his second claim for relief against FCA, (*Id.*, ¶ 27, 28).[1]  This is insufficient to

invoke the jurisdiction of this Court.  "A plaintiff must allege that the amount in

controversy is in excess of the jurisdictional amount against each defendant unless

the plaintiff's claims against the defendants are common and undivided so that the

defendant's liability is properly characterized as joint and not several."  15 James WM.

Moore et al., *Moore's Federal Practice* § 102.108[2] (3d. ed. 2011); *see also Sovereign

Camp, W.O.W. v. O'Neill, et al.*, 266 U.S. 292, 295 (1924); *Century Ins. Co. v. Mooney*,

241 F.2d 910, 912 (10th Cir. 1957) ("When two [or] more complainants, claiming not

under a single suit in which jurisdiction is invoked upon the basis of diversity of

citizenship, it is essential to jurisdiction that the demand of each be of the requisite

jurisdictional amount.")  Moreover, Plaintiff pleads equitable claims of unjust enrichment

and *quantum meruit* in the alternative to his contractual claims against each individual

defendant.  Therefore, these claims do not provide a basis for additional damages

which would bring the amount in controversy over $75,000.  Thus, the Court finds that

Defendant has failed to demonstrate by a preponderance of the evidence that the

amount in controversy requirement is satisfied.

---

[1]   Plaintiff also supplied an affidavit in which Michael Yost avers that Olsson seeks $26,223 in damages against LTF and $68,429 in damages on a separate contract against FCA.  (Doc. 14-5, ¶¶ 7, 9); *see McPhail*, 529 F.3d at 954 (providing a non-exhaustive list of ways in which a removing party may prove jurisdictional amount); *Tejada v. Allstate Fire & Cas. Ins. Co.*, 2009 WL 2958727, *1 (D. Colo. 2009) (affidavits are a potential source of evidence of jurisdictional facts).

## IV. <u>CONCLUSION</u>

Accordingly, it is ORDERED that Plaintiff's Motion for Remand (Doc. # 14) is GRANTED.  It is

FURTHER ORDERED that this case shall be REMANDED to the District Court of Arapahoe County, Colorado.

Plaintiffs also request that they be awarded their costs and attorneys' fees incurred in connection with the instant Motion pursuant to 28 U.S.C. § 1447(c). However, Plaintiffs have not provided the necessary information that the Court would need to impose costs and/or attorneys' fees.  *See* D.C.COLO.LCivR 54.3 (explaining what is required to bring a motion for attorneys' fees).  Thus, Plaintiffs' request for costs and attorneys' fees is DENIED.

DATED:  July   09  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge